MARY YACKO, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Appeal from a judgment, rendered in favor of the plaintiff after a trial by jury, and from the order denying a motion for a new trial. The action was brought to recover an accidental death benefit provided for in a life insurance policy. The assured, plaintiff's husband, was struck by a railroad locomotive on a grade crossing in Johnson City, N. Y., and died from injuries sustained thereby. It is defendant's contention that the assured committed suicide by throwing himself against or in front of the locomotive. From the facts and circumstances developed on the trial the jury was clearly justified in drawing a contrary inference, and in finding that his death was accidental. Judgment and order appealed from unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

## (November 19, 1941.)

In the Matter of the Application of JULIUS S. BLUM, Petitioner, for an Order of Certiorari Pursuant to Article 78 of the Civil Practice Act against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Application for stay granted, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

CLIFFORD CRANDALL, Respondent, v. FORD MOTOR COMPANY, Appellant.— Motion for stay until hearing and determination of appeal granted. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ. [See ante, p. 208.]

In the Matter of the Claim of NELLIE WOODHAM, Respondent, against A. VICTOR & COMPANY and THE OCEAN ACCIDENT & GUARANTEE COMPANY, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and insurance carrier appeal from a decision and award of the State Industrial Board affirming a referee's decision and award of disability compensation and death benefits. Decedent was a maintenance man and porter at the employer's store. It was his duty to open the windows and ventilators in the morning and close them at night. This work required about three-quarters of an hour both morning and afternoon. He rode to the top floor and then walked down, doing his work on each floor as he came to it. He started his rounds on July 30, 1940, at a little after four o'clock and he was seen performing his duties in the regular way. Later he was seen on the second floor as he entered the elevator at the second floor and, while descending, collapsed in the arms of a fellow employee. It was found at the hospital that he had a dislocation of the third cervical vertebra with evidence of spinal disturbance sufficient to cause paralysis and unconsciousness. He had a contusion over the occipital region of the scalp. He never left the hospital and died on September 8, 1940. The record shows that the injuries resulted from the accident and caused his death. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.